I agree with the result reached by the Court in acknowledging the existence of the tort of interference with contractual relations where a third person interferes with a contract between employer and employee. However, this opinion should not be interpreted as expanding or limiting our previous decisions in Gross v. Lowder Realty Better Homes Gardens,494 So.2d 590 (Ala. 1986), and Lowder Realty, Inc. v. Odum,495 So.2d 23 (Ala. 1986), which enumerated the elements required to establish a prima facie case of interference with contractual or business relations. In interpreting the impact of the newly defined tort in the employee-employer context, we do require that the plaintiff show malice, whereas in the ordinary case only intentional conduct is required. Furthermore, in order to show malice the plaintiff must make a strong showing of a pattern of interference. This is more than an isolated incident of the officer or employee's acting outside his scope of employment. To establish a prima facie case of this kind, the plaintiff must meet the four requirements enumerated in the Lowder Realty, cases,supra, and must show that the defendants acted outside their scope of employment and did so maliciously.
Finally, if the plaintiff prevails, the judgment is against the officers and employees individually, inasmuch as they must have acted outside the scope of their employment. The facts herein simply do not establish the tort of interference with contractual relations. Therefore, the trial judge properly directed a verdict for the defendants.
SHORES, J., concurs.